# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CARROLET THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-02263-SHM-tmp |
| | ) |
| THE UNIVERSITY OF TENNESSEE | ) |
| HEALTH SCIENCE CENTER, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated May 10, 2017 (the "Report"). (ECF No. 12.) The Report recommends that the Court deny Plaintiff Carrolet Thomas's April 24, 2017 "Motion to Change Judge" (ECF No. 8) and her May 10, 2017 "Motion to Disqualify Judge" (ECF No. 11) (collectively, the "Recusal Motions"). The Report also recommends that Thomas's *pro se* complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). On May 23, 2017, Thomas filed her "Objection to Report and Recommendations" (the "Objections"). (ECF No. 13.) Also pending before the Court, which the Report does not address, is Thomas's April 28, 2017 "Motion to Opt-Out of Alternative Dispute Resolution (ADR)" (the "ADR Opt-Out Motion"). (ECF No. 9.)

For the following reasons, the Report is ADOPTED, the Recusal Motions are DENIED, the complaint is DISMISSED, and the ADR Opt-Out Motion is DENIED as moot.

I. **Background**

On April 17, 2017, Thomas filed a *pro se* complaint against The University of Tennessee Health Science Center and 23 other defendants. (ECF No. 1; see ECF No. 12 at 1 n.1 (identifying defendants).) The complaint's Statement of Claim recites the following factual allegations:

> My HIPAA (Health [Insurance] Portability and Accountability Act of 1996) [r]ights were violated by many people, in many places, many times. I filed complaints with the Office for Civil Rights in Washington[,] D.C. but was not given due process. I also had Congressman Steve Cohen's office contact the Office for Civil Rights on my behalf and did not receive any response.
>
> Defendants list is attached.
>
> Exhibits with details will be provided on a later date.

(ECF No. 1 at 2.) The complaint seeks "personal justice with monetary damages included" and alleges that Thomas has been "under personal illegal surveillance, without cause, for three years." (Id. at 3.) Thomas subsequently filed the Recusal Motions and the ADR Opt-Out Motion.[1]

---

[1] In the ADR Opt-Out Motion, Thomas asks to be excused from alternative dispute resolution and requests a jury trial. (ECF No. 9 at 3-4.)

On May 10, 2017, the Magistrate Judge entered the Report. Addressing the Recusal Motions, the Report notes Thomas's request that this case be reassigned to another district court judge based on a conflict of interest. (ECF No. 12 at 2.) The Report explains that "Thomas has named the State of Tennessee, which she notes is currently governed by a Republican governor, and other related parties as defendants" and that Thomas's argument is that the district judge assigned to her case has a conflict of interest because he "previously served in the administration of a different Republican governor from 1995-2000." (Id. at 2-3.) The Report recommends that the Recusal Motions be denied because (a) "on the facts presented, no reasonable person would conclude that the presiding District Judge's impartiality might reasonably be questioned based on his prior public service to the State of Tennessee" and (b) "there is no suggestion that the presiding District Judge 'participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy' as part of his former governmental employment." (Id. at 4 (quoting 28 U.S.C. § 455(b)(3)).)

The Report also recommends that Thomas's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), explaining:

3

> With regard to Thomas's HIPAA claims, her complaint alleges only that there were violations "by many people, in many places, many times." (ECF No. 1 at 2.) Thomas's complaint does not provide any factual basis that could plausibly suggest an entitlement to relief pursuant to HIPAA because "HIPAA creates neither an express nor an implied cause of action for private citizens to enforce its terms." White v. Stephens, No. 13-cv-2173-JDT-tmp, 2014 WL 726991, at *9 (W.D. Tenn. Jan. 14, 2014) (citing Wilson v. Memphis Light, Gas & Water, No. 12-2956-STA-tmp, 2013 WL 4782379, at *3 (W.D. Tenn. Sept. 5, 2013) (collecting cases from Courts of Appeals in multiple circuits)); see also Johnson v. Kuehne & Nagel Inc., No. 11-cv-02317-STA-cgc, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012) ("HIPAA regulations do not confer a private right of action on an individual."). Rather, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services (the "Secretary"). See 42 U.S.C. § 1320d-5(a)(1). If a person believes that a covered entity or business associate is not complying with HIPAA, her only recourse is to file a complaint with the Secretary. See 45 C.F.R. § 160.306; see also Kuehne, 2012 WL 1022939, at *5 ("Plaintiff's only redress for an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services[.]"). In fact, it appears that Thomas has filed such complaints with the Secretary. These complaints and any issues related to their handling are the subject of a separate lawsuit filed by Thomas against the Department of Health and Human Services and other federal government defendants. (See Thomas v. Dep't of Health and Human Servs., 2:17-cv-02264-SHM-tmp.) The present complaint is limited to the alleged HIPAA violations, and for the reasons stated above, it is recommended that the HIPAA claims be dismissed. Therefore, it is recommended that Thomas's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(Id. at 7-8.) The Report also concludes that the "complaint does not provide any factual details that would plausibly

suggest an entitlement to relief pursuant to" Thomas's allegations of "personal illegal surveillance." (Id. at 8 n.5.)

**II. Legal Standards**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review the district court applies depends on the nature of the matter considered by the magistrate judge. "A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A

5

district court must review dispositive motions under the *de novo* standard." Baker, 67 F. App'x at 310 (internal citations omitted).

The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151. Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived. See, e.g., Becker v. Clermont Cty. Prosecutor, 450 F. App'x 438, 439 (6th Cir. 2011); The Glidden Co. v. Kinsella, 386 F. App'x 535, 544 (6th Cir. 2010); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).[2]

---

[2] A district court may raise the waiver issue *sua sponte*. Numerous district courts in this circuit have done so where (1) no response was filed to a party's objection to the report and recommendation; or (2) a response was filed, but did not argue waiver. See, e.g., Tighe v. Berghuis, No. 1:12-CV-1314, 2016 WL 5537287, at *3 (W.D. Mich. Sept. 30, 2016) (no response to objection); Lewis v. Spitters, No. 1:14-CV-917, 2015 WL 5682405, at *2 (W.D. Mich. Sept. 18, 2015) (response did not argue waiver); Briggs v. Miles, No. 1:13-CV-228, 2015 WL 1120132, at *2 (W.D. Mich. Mar. 12, 2015) (no response to various objections); Bauman v. City of Cleveland, No. 1:04-CV-1757, 2015 WL 893285, at *8 (N.D. Ohio Mar. 3, 2015) (response did not argue waiver); Enyart v. Coleman, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (response did not argue waiver).

**III. Analysis**

In her Objections, Thomas does not object to the Magistrate Judge's recommendation that the Recusal Motions be denied. (See generally ECF No. 13.) The Court need not review that aspect of the Report. Adoption of that recommendation is warranted. See Arn, 474 U.S. at 150-51.

Thomas objects to the Report's recommendation that her complaint be dismissed. (ECF No. 13 at 3.) In her Objections, Thomas recounts numerous instances of conduct by Defendants that she contends violated her HIPAA rights. (Id. at 3-12.) Thomas does not specifically object to or address the Magistrate Judge's conclusion that HIPAA provides no private right of action by which a plaintiff may seek relief for HIPAA violations. The Court need not review that aspect of the Report. See Arn, 474 U.S. at 150. Thomas does not identify any other legal ground that entitles her to relief. Adoption of the Report's recommendation that the complaint be dismissed is warranted.

**IV. Conclusion**

For the foregoing reasons, the Report is ADOPTED, the Recusal Motions are DENIED, and the complaint is DISMISSED. Because the complaint is dismissed, the ADR Opt-Out Motion is DENIED as moot.

7

So ordered this 14th day of June, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE